**In re Stephen Dewey McDONALD, Debtor.**

**Alice AVERA, Plaintiff,**

v.

**Stephen Dewey McDONALD, Defendant.**

**Bankruptcy No. 81–00025–BKC–SMW.**
**Adv. No. 81–0160–BKC–SMW–A.**

United States Bankruptcy Court,
S. D. Florida.

Nov. 23, 1981.

See, also, Bkrtcy., 16 B.R. 618.

Reggie D. Sanger, Fort Lauderdale, Fla., for trustee.

Stanley Riskin, Hollywood, Fla., for defendant.

Kim Sherman, Fort Lauderdale, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come on to be heard upon plaintiff's Complaint Objecting to Discharge filed herein, and the Court, having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

For a point of reference, the debtor filed his petition in bankruptcy on January 12, 1981. The plaintiff, Alice Avera, is a creditor of the debtor. The plaintiff's debt arose out of her acting as a guarantor on a bank loan for the debtor. The debtor defaulted on the loan and the plaintiff was compelled to pay $8,249.05.

The plaintiff filed a two count complaint objecting to the debtor's discharge alleging that the debtor (1.) failed to explain his lack of assets under 11 U.S.C. 727(a)(5) and (2.) that the debtor knowingly and fraudulently made a false oath or account in his statement of affairs and/or his bankruptcy schedules under 11 U.S.C. 727(a)(4)(A).

As to count 2, the Court finds that the debtor filed false schedules in that he:

(1.) Failed to list the transfer of his interest in M & S Trucking, Inc. within one year of filing of his bankruptcy petition. The debtor also represented that M & S Trucking, Inc. was out of business, when in fact, it is an ongoing business.

(2.) Failed to list in his schedule certain furniture and personal property that he owned at the time of the filing of his petition in bankruptcy.

(3.) Failed to list the sale of his painting truck and pressure cleaning equipment within one year of the filing of his bankruptcy petition.

(4.) Failed to list his constructive ownership in a 1979 Toyota which he purchased within 90 days of the filing of his bankruptcy petition with funds generated from the sale of a house in which he had a one-half interest and which interest was conveyed to his brother without consideration. The debtor's brother gave the debtor $6,900.00 from the subsequent sale of the house to purchase this vehicle. While the title was put into the name of Michael McDonald, his brother, it is the debtor who selected and paid for the vehicle and in whose name the bill of sale was written. It was also the debtor who made payments on a lien placed upon the vehicle and it was the debtor who enjoyed the principal use of the car.

The Court finds that the debtor knowingly and fraudulently omitted the aforesaid items with the specific intent to delay, defraud and hinder the creditors of his estate from collecting their debts against the property of the debtor.

The Court finds that the debtor, commencing in May, 1979, made various transfers of property to his brother, Michael McDonald, without consideration in an effort to conceal his assets and defraud his creditors. He conveyed his ownership interest in a house which had an equity at the time of sale in October, 1980, of approximately $15,000.00; he put the 1979 Toyota in his brother's name while retaining all of the indicia of ownership and he transferred his 50% of stock of M & S Trucking, Inc., when the business was an ongoing business.

The omissions in the schedules and the transfers of property to his brother, without consideration, indicate to the Court that the debtor intended to divest himself of his ownership of all of his property and intended to conceal the remainder of his property to portray this case as a "no asset case", in the hope of eliminating any inquiry by the creditors or the trustee. The Court also notes that at the first meeting of creditors, the debtor reaffirmed the accuracy of the contents of his schedules.

In summary, the Court concludes that the debtor knowingly and fraudulently made a false oath or account by filing false schedules with the above material omissions or misrepresentations with the specific purpose of misleading creditors and the trustee as to the true status of his affairs and his past business conduct.

The debtor's discharge is denied for the reasons set forth and the Court does not need to consider the other grounds raised to deny the discharge. A final judgment in conformity with these findings of fact and conclusions of law will be entered on this date.